MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@bourassalawgroup.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATRINA CAMPO, an individual<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN CORADIUS INTERNATIONAL, LLC a Delaware limited liability company,<br><br>Defendant. | Case No.:  2:12-CV-1573<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |

## COMPLAINT

Plaintiff, KATRINA CAMPO (hereinafter referred to as "PLAINTIFF") by and through the undersigned attorney, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendant and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. PLAINTIFF brings this action on her own behalf for actual and statutory damages arising from Defendant's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.,* and Nevada Revised Statutes.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3. Venue in this District is proper because PLAINTIFF and DEFENDANT reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

4. PLAINTIFF is a natural person who resides in Nevada.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3)

6. PLAINTIFF allegedly owes (past due) consumer debt as defined by 15 U.S.C. § 1692a(5) and NRS § 649.010.

7. AMERICAN CORADIUS INTERNATIONAL, LLC, (hereinafter referred to as "DEFENDANT") is a Delaware limited liability company, the principal purpose of whose business is the collection of debts.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that the DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**STATEMENT OF FACTS**

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. DEFENDANT has contacted PLAINTIFF by telephone in an attempt to collect an alleged consumer debt from PLAINTIFF.

- 2 -

11. In contacting by telephone PLAINTIFF, DEFENDANT failed to disclose to PLAINTIFF that is it a debt collector.

12. PLAINTIFF also did not receive a timely validation of debts disclosure.

13. As a result of the acts and omissions of the DEFENDANT, PLAINTIFF has been forced to hire counsel to prosecute this action and to incur attorney fees and costs.

14. PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF may have suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein.  PLAINTIFF reserve the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FDCPA 15 U.S.C. § 1692e(11)

15. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 16 inclusive, above.

16. Section 1692e of the FDCPA states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> *   *   *
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose….

17. DEFENDANT contacted PLAINTIFF by telephone.  However, DEFENDANT failed to provide the proper disclosures required by 15 U.S.C. § 1692e(11).

18. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

19. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefore.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE FDCPA 15 U.S.C. § 1692g(a)

20. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 19 inclusive, above.

21. Section 1692g(a) of the FDCPA states in pertinent part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing  containing—
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

22. DEFENDANT contacted PLAINTIFF by telephone.  However, DEFENDANT failed to provide the required disclosures in violation of 15 U.S.C. § 1692g(a).

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor and that judgment be entered against DEFENDANT for the following:

- 4 -

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k;

(2) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(3) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(4) For any and all other relief this Court may deem appropriate.

DATED this _____ day of July 2012.

                                **THE BOURASSA LAW GROUP, LLC**

                                _____
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
*Attorneys for Plaintiff*